IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01134-BNB

DARREL GUICE,

      Applicant,

v.

JOHN DAVIS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Darrel Guice, is in the custody of the Colorado Department of

Corrections (DOC).  He is incarcerated at the Correctional Complex in Buena Vista,

Colorado.  Mr. Guice has filed an Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2254.  He has paid the $5.00 filing fee.

The Court must construe the Application liberally because Mr. Guice is not

represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall***

***v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

an advocate for a ***pro se*** litigant.  ***See Hall***, 935 F.2d at 1110.  For the reasons stated

below, Mr. Guice will be ordered to file an amended Application.

Mr. Guise alleges in the Application that he was convicted in the Denver District

Court in June 2010 of aggravated robbery; first degree burglary; kidnapping (F2);

kidnapping (F3); aggravated motor vehicle theft; and one count of crime of violence.  He

was sentenced to an aggregate term of 118 years in the DOC.  Mr. Guise states that he

filed a notice of appeal with the Colorado Court of Appeals on June 13, 2011, but the state trial court record had not been filed as of February 2013. He asserts that the exhaustion requirement should be excused because of the State's inordinate delay in providing the trial court transcripts.

The Application is deficient because it does not contain a claim that is cognizable under the federal habeas corpus statutes. Mr. Guise must allege in the Application that "he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (explaining that § 2254 petitions "are used to collaterally attack the validity of a conviction and sentence.") (citations omitted)). Mr. Guice does not assert any constitutional claims challenging the validity of his state court conviction and sentence. Instead, he asserts  inordinate delay in the state court proceedings.

An application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994); 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts as a federal constitutional claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Inexcusable or inordinate delay in state court proceedings may make the state process ineffective to protect a habeas applicant's rights and excuse a failure to exhaust state remedies. *See Harris v. Champion*, 15

2

F.3d 1538, 1555 (10th Cir. 1994); *see also* 28 U.S.C. § 2254(b)(1)(B).  However,

inordinate delay by the state courts is not a free-standing constitutional claim.

Accordingly, it is

ORDERED that Mr. Guise shall file, **within thirty days from the date of this**

**Order**, an amended Application pursuant to 28 U.S.C. § 2254, asserting one or more

claims attacking the constitutionality of his state court convictions or sentences.  It is

FURTHER ORDERED that Mr. Guice shall obtain the court-approved Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of

his case manager or the facility's legal assistant), along with the applicable instructions,

at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Guice fails to comply with this Order within the

time allowed, the action will be dismissed without further notice.  It is

FURTHER ORDERED that process shall not issue at this time.

DATED May 1, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge