IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01134-BNB

DARREL GUICE,

    Applicant,

v.

JOHN DAVIS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Darrel Guice, is in the custody of the Colorado Department of Corrections (DOC) at the correctional facility in Buena Vista, Colorado. Applicant, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order entered on May 1, 2013, Magistrate Judge Boyd N. Boland directed Mr. Guice to file an amended Application within thirty days. Mr. Guice filed his amended Application on May 31, 2013. [Doc. # 4]. Subsequently, Magistrate Judge Boland issued an order on June 4, 2013, directing Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a pre-answer response on June 25, 2013. [Doc. # 9]. After obtaining an extension of time, Applicant filed his reply on August 2, 2013. [Doc. # 12]. The Court then ordered Respondents to file a Supplement to the Pre-Answer Response. Respondents filed the Supplement on August 7, 2013. [Doc. # 14].

    The Court must construe Mr. Guice's filings liberally because he is not

represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a pro se litigant.  See Hall, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Guice asserts four claims in the amended Application: (1) that the Colorado Court of Appeals' inordinate delay in resolving his direct appeal violates his federal due process rights; (2) the trial court violated his due process rights and his Sixth Amendment confrontation rights by depriving him of his right to be present in the courtroom at every stage of his trial and his right to testify; (3) the trial court violated his federal due process rights by allowing defense counsel and the prosecutor to amend a defective criminal information that failed to adequately inform Applicant of the nature and cause of the action, thereby depriving him of his right to present a defense; and, (4) Applicant's due process rights were violated when he was arrested while on parole without a warrant and without jurisdiction for a parole violation and officers illegally searched his parole sponsor's residence and seized fabricated evidence used to convict Applicant at trial. [Doc. # 4, at 7-11].

Respondents argue in the pre-answer response that Mr. Guice has failed to exhaust state remedies for his claims because his direct appeal is still pending in the Colorado Court of Appeals.  Respondents further maintain that the delay in resolving Applicant's direct appeal does not excuse the exhaustion requirement.

**I. Procedural History of Applicant's Direct Appeal**

Applicant was convicted by a jury in the District Court for the City and County of Denver, Colorado, in Case No. 08CR3121 on June 2, 2010. [Doc. # 9-1, at 3].  He was sentenced to an aggregate prison term of 118 years in the DOC on July 12, 2010. [Id.].

Mr. Guice filed, *pro se*, a motion to file untimely notice of appeal on June 16, 2011. [Doc. # 9-2]. On July 18, 2011, the Colorado Court of Appeals issued an order directing the Colorado Public Defender to file a supplemental brief within fourteen days addressing whether good cause existed for the state appellate court to accept the notice of appeal, filed almost eleven months after sentence was imposed. [Doc. # 9-3]. Court-appointed alternate defense counsel filed a supplemental brief on September 23, 2011. [Doc. # 9-4]. On November 4, 2011, the Colorado Court of Appeals issued an Order finding that good cause existed for accepting the notice of appeal as timely filed. [Doc. # 9-5].

The record on appeal was filed on January 5, 2012. [Doc. # 9-6]. The same day, the Colorado Court of Appeals ordered that Applicant's opening brief be filed on or before February 16, 2012. [*Id.*]. Applicant's appellate counsel filed motions for enlargement of time to supplement the record on appeal on February 16, 2012; June 12, 2012; August 30, 2012; and December 21, 2012, which were granted by the state appellate court. [Doc. # 9-7 - # 9-11]. After the supplemental record on appeal was filed on April 2, 2013, the Colorado Court of Appeals issued an order setting May 7, 2013, as the deadline for Applicant to file his opening brief. [Doc. # 9-12].

On May 7, 2013, Applicant's appellate counsel filed a motion for enlargement of time to file opening brief. [Doc. # 9-13]. The Colorado Court of Appeals granted an extension of time to June 7, 2013. [*Id.*]. Appellate counsel filed a second motion for enlargement of time to file opening brief on June 7, 2013. [Doc. # 9-14]. The state appellate court thereafter extended the deadline to June 24, 2013. [Doc. # 9-15]. On June 25, 2013, appellate counsel notified the Colorado Court of Appeals that the opening brief was ready for filing, but that counsel had discovered that some of the trial transcripts had not been filed with the state appellate court. [Doc. # 9-16]. Appellate

counsel further advised the court that the filing of the additional transcripts should only take a few days and requested additional time to complete the record. [*Id.*]. Counsel represented that the opening brief would be filed within five days after completion of the record on appeal. [*Id.*]. Appellate counsel filed the opening brief in the Colorado Court of Appeals on July 16, 2013. [Doc. # 14-1].

**II. Standard of Review**

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-

66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Nonetheless, pursuant to *Harris v. Champion* (*Harris III*), 48 F.3d 1127, 1132 (10th Cir. 1995), a delay of more than two years gives rise to a rebuttable presumption of the "(i) ineffectiveness of state appellate procedures sufficient to excuse exhaustion on the petitioner's underlying claims of unconstitutional trial error, and (ii) prejudice necessary to support an independent constitutional claim of deprivation of an effective direct appeal because of delay." However, "in particular cases, the State may show that a delay of more than two years is justified, and therefore, good cause exists for not excusing exhaustion." *See Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994).

### III.  Analysis

Mr. Guice's appeal has been pending in the state appellate court for over two years, giving rise to a rebuttable presumption of ineffectiveness in the state appellate process and resulting prejudice. However, the Court finds that Respondents have demonstrated, through the portions of the state appellate court record attached to the pre-answer response and supplement thereto, that the delay is justified, and, therefore, that Mr. Guice is not excused from exhausting his state court remedy.

The state appellate court history of this case bears some similarity to the factual circumstances presented in *Fletcher v. Golder,* No. 05-1349, 175 F. App'x 269 (10th Cir. May 23, 2006) (unpublished). In *Fletcher*, the applicant's appeal had been pending in the state court of appeals for over two years. *Fletcher*, 175 F. App'x at 271. The

applicant's appellate attorney requested various extensions of time to obtain missing trial transcripts and records he considered necessary, substitute new counsel, and file appellate briefs. *Id.*  The Tenth Circuit found in *Fletcher* that the two-year presumption had been rebutted because (1) the Colorado Court of Appeals had not abandoned Mr. Fletcher's appeal; (2) counsel's requests for extensions of time were to obtain records necessary for the appeal; (3) the court required status reports on the progress in obtaining records; and (4) additional extensions were denied to file an opening brief. *Id.*

Here, there is nothing in the record before the Court to indicate that the Colorado Court of Appeals has abandoned Applicant's direct appeal.  To the contrary, the state appellate court has kept close watch on the progress of the direct appeal by entering timely orders to Applicant's requests for extensions of time to supplement the record on appeal and by admonishing the state district court reporter in the December 21, 2012 order that "[further extensions of time are subject to a reduction in reporter fees." [Doc. # 9-11].  In addition, the Colorado Court of Appeals reminded appellate counsel in the March 9, 2013 Order granting an extension of time to file the opening brief that "it has been 477 days since the opening brief was originally due."  The record establishes that most of the delay was to obtain missing trial court transcripts and other records that appellate counsel considered necessary for the appeal.  Substantially all of the record on appeal was filed in the state appellate court on April 2, 2013.  Applicant filed his opening brief on July 16, 2013, after additional missing portions of the record were filed in late June or early July 2013.

The two-year presumption of inordinate delay has been rebutted.  The Colorado Court of Appeals has not abandoned this case and the State "has demonstrated that the delay [was] not unjustified and that it would be beneficial to allow the state appeal

process to be completed." *Fletcher*, 175 F. App'x at 272.   Applicant has failed to show an unreasonable delay in his direct appeal proceeding to support an independent due process claim.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is DENIED and the action is DISMISSED without prejudice for Mr. Guice's failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Guice has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Guice may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  15th  day of   August  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court